**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

| | |
|---|---|
| CHAMBERS OF<br>**TONIANNE J. BONGIOVANNI**<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>402 E. STATE STREET, RM 6052<br>TRENTON, NJ 08608 |

July 22, 2025

**LETTER ORDER**

Re:   <u>Okogun v. Silcox, et al.</u>
      Civil Action No. 23-4020 (RK)

Dear Parties:

Pending before the Court is the parties' dispute concerning Defendants' request for discovery of the file related to the underlying criminal matter, which stemmed from Plaintiff's arrest on June 10, 2021. Plaintiff has objected to the production of same because the matter was expunged.

"The expungement of criminal records is a remedy designed 'to provide the means of insulating one acquitted of a charge of criminal conduct from the disabilities of adverse effects which could be foreseen as resulting from dissemination of the fact of his mere involvement with law enforcement.'" *Troso v. City of Atlantic City*, Civ. No. 10-1566 (RMB/JS), 2012 WL 12897880, *1 (D.N.J. Jan. 23, 2012) (quoting *Ulinsky v. Avignone*, 148 N.J. Super. 250, 254-55 (App. Div. 1977). Notably, "expungement creates a legal fiction under which the records are effectively non-existent." *Id*. (citing *Ulinsky*, 148 N.J. Super. at 254). Nevertheless, "[t]he shield of expungement cannot be converted into a sword upon which to impale[.]" *Ulinsky*, 148 N.J. Super. at 258. As a result, "a litigant may not rely on expungement if he voluntarily discloses the fact of his arrest and trial by, for example, alleging malicious prosecution in a civil action." *Troso*, 2012 WL 12897880, at *1 (citing *Ulinsky*, 148 N.J. Super. at 256).

Here, Plaintiff clearly has disclosed the facts of his arrest in this matter. Indeed, he has filed an 88-paged Complaint, that contains 412 separate paragraphs, regarding 16 causes of action that all stem from the facts surrounding his arrest on June 10, 2021. For example, Plaintiff has alleged causes of action under 42 U.S.C. § 1983 and/or the New Jersey Civil Rights for unlawful arrest and illegal detention, unlawful and unreasonable search, violations of his right to Equal Protection and Due Process, malicious prosecution, illegal detention, false imprisonment, etc., all based on what transpired at the Windsor Green Mall on June 10, 2021. (*See, generally*, Pl. Cmplt.; Docket Entry No. 1). Further Plaintiff has attached/references the following Exhibits to/in his Complaint:

1. The body worn camera video from Ptl Silcox for the incident at Windsor Green Mall on 06/10/21 is uploaded on YouTube as an unlisted video, which is viewable only with the link, can be found here: https://youtu.be/levrOKaVPKE

2. Police Report by Ptl Silcox

3. "Notice of Intent to File a Claim" Letter to West Windsqr Municipality

4. Follow Up Letter for Claim Notice to West Windsor Municipality

5. Email to Sgt Magistro requesting written notification fyom Windsor Green Mall management

6. WWPD Police Blotter for incident at Windsor Green Mall

7. Holup Motion filed at West Windsor Municipal Court on 10/20/21

(*Id*. at 89). Again, all of these Exhibits, which Plaintiff put at issue, relate to what transpired at the Windsor Green Mall on June 10, 2021. Indeed, several of them are likely part of the expunged file, which Plaintiff argues should not be produced.

Plaintiff has clearly made the subject matter of the expunged file the object of this litigation. Defendants have the right to obtain the full record upon which Plaintiff's Complaint is based, including the expunged file. However, New Jersey state law provides the mechanism by which Defendants must pursue same: "[w]here state court proceedings are subject to secrecy, comity

requires the party seeking disclosure to first exhaust the procedures required by state statue." *Troso*, 2012 WL 12897880, at * 2 (citing *Camiolo v. State Far Fire and Case. Co.*, 334 F.3d 345, 359 (3d Cir. 2003)). In New Jersey, "N.J.S.A. 2C:52-19 permits a litigant to move in the New Jersey Superior Court for the release of expunged files[.]" *Id*. According to N.J.S.A. 2C:52-19:

> Inspection of the files and records, or release of the information contained therein, which are the subject of an order of expungement, or sealing under prior law, may be permitted by the Superior Court upon motion for good cause shown and compelling need based on specific facts. The motion or any order granted pursuant thereto shall specify the person or persons to whom the records and information are to be shown and the purpose for which they are to be utilized. Leave to inspect shall be granted by the court only in those instances where the subject matter of the records of arrest or conviction is the object of litigation or judicial proceedings.

Defendants are, therefore, directed to move in New Jersey Superior Court for the release of Plaintiff's expunged file by **August 27, 2025**. Defendants are to file proof of filing in this Court. Pending a decision on Defendants' anticipated motion, **the Clerk of the Court is directed to administratively terminate this matter**. The case shall be reopened after the New Jersey Superior Court rules on Defendants' motion.

    **IT IS SO ORDERED.**

    s/Tonianne J. Bongiovanni
    **HON. TONIANNE J. BONGIOVANNI**
    **UNITED STATES MAGISTRATE JUDGE**